UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAYCHEX INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-cv-1330 |
| | ) |
| DESIREE MORRIS and DERRICK MORRIS, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

### I.   INTRODUCTION

Plaintiff, Paychex Inc. ("Paychex"), hereby files the following action against Defendants, Desiree Morris and Derrick Morris, as follows:

### Nature of Action

1. Paychex brings this action for preliminary and permanent injunctive relief and damages pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Indiana Identity Deception Statute, Ind. Code § 35-43-5-3.5 and Ind. Code § 34-24-3-1.

2. Paychex provides a range of services for businesses large and small, including payroll, human resources, retirement, and insurance services. As an employee of Paychex and in order to do her job properly, Desiree Morris ("Desiree") necessarily had access to personal, highly confidential and identifying information related to Paychex' clients and their employees, including legally-protected Social Security Numbers, bank account numbers, birthdates, addresses, and other personal identifying information ("PII"). On April 7, 2017, while employed by Paychex, but without Paychex' authorization and contrary to Paychex' authorized access and policies, Desiree

sent via electronic mail ("e-mail") PII belonging to a Paychex client to her personal e-mail account and to the e-mail account of her brother, Derrick Morris ("Derrick"). As a result, both Desiree and Derrick thereby unlawfully exercised control over the client's PII. This e-mail transmission was discovered by Paychex and Desiree was instructed to go home for the day and return to work at a later date. Desiree did not return to work as instructed. In the meantime, the client received notice that he had been rejected for a credit card for which he did not apply. The notice attributed the denial to excessive recent credit activity by the client, indicating that he was the victim of identity theft. Paychex properly concluded that the instance of identity theft was most likely attributable to the actions of Defendants. A few days later the client learned of a second credit card that had been applied for in his name, but not by him. On April 13, 2017, Paychex' Corporate Counsel sent correspondence to Defendants. Among other things, the correspondence directed Defendants to return all client PII and any other confidential information and to respond to cooperate in Paychex' investigation into the incident and any other instances of improper use of PII and other client confidential information. Defendants failed to respond in any manner to the April 13, 2017, correspondence. To date, because of their lack of cooperation, Paychex has been unable to determine the extent of improper use of PII and any other client confidential information by Defendants and has been harmed by their actions. Paychex therefore seeks relief from this Court in the form of preliminary and permanent injunctive relief.

### Parties, Jurisdiction, and Venue

3.    Paychex provides payroll, human resources, retirement, and insurance services to businesses across the country. Paychex is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Rochester, New York. Paychex operates a facility and employs employees in Indianapolis, Indiana.

4. Desiree is a former employee of Paychex' Indianapolis, Indiana facility. Upon information and belief, Desiree is a resident of Indianapolis, Indiana. Desiree has engaged in unlawful acts which she knew would cause harm to Paychex.

5. Upon information and belief, Derrick is the brother of Desiree and a resident of Indianapolis, Indiana. Derrick has engaged in unlawful acts which he knew would cause harm to Paychex.

6. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1030(g). Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's Indiana law claims, which are so related to the federal law claims that they form part of the same case or controversy.

7. This Court is the appropriate venue for this cause of action as Defendants reside, and the illegal activity took place, in the Southern District of Indiana. 28 USC § 1391.

## II.     FACTUAL BACKGROUND

8. Paychex hired Desiree in 2015 as an hourly employee at its Indianapolis, Indiana facility. In her position, Desiree had access to PII of Paychex' clients and its clients' employees solely for purposes of performing her assigned job duties.

9. On April 7, 2017, while employed by Paychex, but without Paychex' authorization and contrary to Paychex' authorized access and policies, Desiree sent via electronic mail ("e-mail") PII belonging to a Paychex client to her personal e-mail account and to the e-mail account of her brother, Derrick Morris ("Derrick").

10. The April 7, 2017 e-mail sent by Desiree included the following information regarding an individual who owns a business serviced by Paychex: name, home address, Social Security Number, and date of birth.

11. The April 7, 2017 e-mail also included the following information regarding the business owned by the individual referenced in paragraph 10 above: business name, address, IRS-issued tax identification number, bank name, and bank account number.

12. There is no legitimate business or other reason for Desiree to send this confidential information to her personal e-mail account or the e-mail account of her brother.

13. There is no legitimate business or other reason for Derrick to obtain this confidential information.

14. As a result of this action, Defendants unlawfully exercised control over the PII of the client and the client's owner.

15. This e-mail transmission was discovered by Paychex the same day it was sent and Desiree was instructed to go home for the day while Paychex investigated the incident further. Desiree was also instructed to return to work at a later date. Desiree did not return to work as instructed and resigned her employment without notice to Paychex.

16. Upon learning of this unlawful appropriation of the client's PII, Paychex informed the client of its findings.

17. That same week the client was informed by a bank that he had been rejected for a credit card for which he did not apply.

18. The bank's notice attributed the credit card denial to excessive recent credit inquiries, indicating that the client was the victim of identity theft.

19. Upon information and belief, Defendants unlawfully used the client's PII in an attempt to obtain credit under false pretenses or otherwise engaged in identity deception with respect to the client's PII.

20. On April 13, 2017, Paychex' Corporate Counsel sent correspondence to Defendants. Among other things, the correspondence directed Defendants to return all client PII and any other confidential information and to respond to cooperate in Paychex' investigation into the incident and any other instances of improper use of PII and other client confidential information.

21. Defendants failed to respond in any manner to the April 13, 2017 correspondence.

22. On April 16, 2017, the same client received notice that another credit card had been applied for under his name, but not by him.

23. To date, because of Defendants' lack of cooperation, Paychex has been unable to determine the extent of improper use of client confidential information by Defendants.

24. Paychex has been harmed by Defendants' actions and such harm will continue absent injunctive relief to preserve evidence and enjoin further unlawful acts.

### III. CAUSES OF ACTION

#### Count I – Computer Fraud and Abuse Act

25. Paychex adopts and incorporates paragraphs 1 through 24 as if set forth in full herein.

26. Defendants accessed a protected computer without authorization, or exceeded their authorized access.

27. By means of such conduct, Defendants furthered their intended fraudulent act of obtaining the PII of Paychex' client, which has value.

28. There is no justification for Defendants to engage in these actions.

29. Paychex has suffered, and continues to suffer, irreparable harm as a result of Defendants' unlawful actions.

## Count II – Identity Deception

30. Paychex adopts and incorporates paragraphs 1 through 29 as if set forth in full herein.

31. Defendants knowingly and intentionally obtained and used the PII of Paychex' client without consent and with the intent to harm the client and assume the client's identity.

32. Defendants' conduct constituted identity deception pursuant to Indiana Code § 35-43-5-3.5 and Paychex has suffered harm as a result of such conduct.

33. Pursuant to Indiana Code § 34-24-3-1, Paychex is entitled to recover three times its actual damages, the costs of this action, reasonable attorney's fees, the cost of paying employees to assist in pursuing this action, and all other reasonable costs of collection.

## Request for Preliminary and Permanent Injunctive Relief

34. Paychex adopts and incorporates paragraphs 1 through 33 as if set forth in full herein.

35. As demonstrated above, Defendants have unlawfully appropriated the PII of Paychex' client. Preliminary injunctive relief is required to preserve evidence of unlawful actions by Defendants and to prevent further unlawful actions.

36. Defendants' actions and refusal to provide information to Paychex regarding any other similar actions have caused and will continue to cause damage to Paychex.

37. Paychex is entitled to injunctive relief to protect it from substantial and irreparable harm for which there is no adequate remedy at law.

38. Paychex is able to demonstrate the unlawful actions of Defendants and has a substantial likelihood of success on the merits.

39. Requiring Defendants to maintain evidence relevant to this matter and to refrain from any further unlawful acts will not place any undue burden on them and presents no adverse effect on the public interest.

WHEREFORE, Plaintiff, Paychex Inc., respectfully requests all appropriate relief in this action, including that the Court:

A. Enter a preliminary and permanent injunction immediately requiring Defendants to return any confidential client information to Paychex.

B. Enter a preliminary and permanent injunction requiring Defendants to maintain any personal computers, tablets, cell phones or other personal electronic devices in their current condition and without deleting any information from the devises in any format, including e-mails, text messages, instant messaging system messages, Tweets, voice mail messages, records of incoming and outgoing telephone calls, Internet searches, photographs, and any other form of electronic record.

C. Enter a preliminary and permanent injunction requiring Defendants to permit Paychex access to any of Defendants' personal computers, tablets, cell phones or other personal electronic devices for purposes of reviewing their use for unlawful purposes.

D. Enter a preliminary and permanent injunction requiring Defendants to (i) fully disclose all instances in which Defendants have appropriated confidential information of Paychex' clients or their clients' owners, officers, employees, and agents; and (ii) to fully describe all actions taken with such confidential information, including applications for credit or other financial transactions.

E. Order Defendants to pay damages in an amount which will fully compensate Plaintiff for all actual damages sustained as a result of Defendants' unlawful conduct,

including treble damages under Indiana Code § 34-24-3-1 and attorneys' fees and other costs incurred in this action;

      F.      Order all other relief that it deems just and proper.

## VERIFICATION

I, Marijo Thompson, Senior Manager, Employee Relations of Paychex, Inc., do hereby affirm, under the penalties of perjury, that the facts alleged in the foregoing Verified Complaint for Preliminary and Permanent Injunction and Damages are true to the best of my knowledge, information and belief.

Dated: April 26, 2017

Marijo Thompson
Senior Manager, Employee Relations
Paychex Inc.

Respectfully submitted,

Michael W. Padgett (16162-49)
Melissa K. Taft (29253-53)
Jackson Lewis P.C.
10 West Market Street, Suite 2400
Indianapolis, Indiana 46204
Telephone: (317) 489-6930
Facsimile: (317) 489-6931

*Attorneys for Plaintiff,*
*Paychex Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Verified Complaint for Preliminary and Permanent Injunctive Relief and Damages* was served via Certified U.S. Mail, on April 26, 2017 on the following:

>Desiree Morris
>2226 Ring Necked Drive
>Indianapolis, Indiana 46234
>
>Derrick Morris
>2226 Ring Necked Drive
>Indianapolis, Indiana 46234

>/s/ Michael W. Padgett
>Michael W. Padgett

4852-0019-6935, v. 1